IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

                                  4:09CR00099-01 BSM
v.

RANDEEP MANN                                                                DEFENDANT

UNITED STATES' REPLY TO SANGEETA MANN'S RESPONSE TO
MOTION FOR TURNOVER ORDER

The United States, by and through Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas, and Stacey E. McCord, Assistant U.S. Attorney for said district respectfully replies as follows to Sangeeta Mann's Response to its Motion for Turnover Order.

I. MARITAL PROPERTY CLAIM IS NOT APPLICABLE HERE

During discussions concerning the payment of the disability insurance money, Dr. Mann's attorney argued that Ms. Mann had an interest in the money, because the property was held by tenancy by entirety. In its Motion, the United States pointed out that there was no tenancy by entirety because the property was held in Dr. Mann's name only. Under the Arkansas law once property is placed in *both spouses' names* without specification of the manner in which they take, there is presumption that the property is held in a tenancy by entirety. *See Ramsey v. Ramsey,* 259 Ark. 16 (1975)*; McKay v. McKay,* 340 Ark. 171 (2000). Since the tenancy by entirety theory does not apply here

because the property is in Dr. Mann's name only, Ms. Mann now argues that the disability insurance payments should be considered marital property citing Arkansas divorce law that property acquired by either or both spouses during the course of the marriage is considered marital property except for several specific statutory exceptions. If this was a divorce proceeding, Ms. Mann's argument would have merit. But, this is not a divorce proceeding, and the term marital property has no application in this context. The Arkansas divorce statute itself states that the marital property term is only meant to be used in divorce proceedings. The statute defines "marital property" for the purposes of this chapter. Ark. Code Ann. § 36-4-121(b). Furthermore, the statute provides "Property should be considered marital property as defined by this subsection (b) for the sole purpose of dividing assets upon divorce or legal separation and for no other purpose." § 36-4-121(b)(1)(E).

Ms. Mann's theory is the same theory that the spouse attempted to use in *United States v. Seymour*, 2008 WL 1766877 (C.A. 5 2008). In *Seymour*, the United States garnished a joint bank account to collect restitution owed by the husband. The wife claimed that she was entitled to half of the funds in the account. Instead of arguing that she contributed to or was given the account's funds, the wife argued that the account was marital property that accumulated during her marriage. Under the Federal Debt Collection Procedures Act, the United States may take collection action against property co-owned by the debtor and another person only to the extent allowed by the law of the state where the property is located. 28 U.S.C. § 3010(a). As pointed out in Ms. Mann's response, the *Seymour* Court looked to Mississippi law. Under Mississippi law, marital

property for the purpose of divorce is defined as being any and all property acquired or accumulated during the marriage. *Hemsley v. Hemsley*, 639 So. 2d 909, 915 (Miss. 1994). The marital assets are subject to equitable distribution by the chancellor. *Id.* Likewise under Arkansas law, if the Court finds that distribution of marital property as half to each party is inequitable, the Court can make some other division taking into consideration certain factors. Ark. Code Ann. § 9-12-315(a).

In *Seymour*, the Court found that the wife had not vested right in the joint account solely by her virtue of her marriage. 2008 WL 1766877   The Court noted that the wife admitted during oral arguments that her argument that she was entitled to an equitable interest in the property based on marital property had not been applied to garnishment proceedings. *Id.*   Similarly, the undersigned attorney cannot find any Arkansas case where a wife has asserted a martial property interest in a collection action by a debtor on property not jointly owned with the spouse, and Ms. Mann has not cited any such case to the Court.   A marital property claim is not applicable in this situation.  As an illustration, if a creditor garnished a debtor's wages, could the spouse claim that the income was marital property, and she was entitled to half?  Clearly, the answer would be no.

## II.   SPOUSE'S REQUIRED SHOWING IF JOINT PROPERTY WAS INVOLVED

A spouse's ownership rights are discussed in collection actions where a creditor has taken action against property owned by the debtor and his or her spouse.  This is the case in the *United States v. Craft*, 535 U.S. 274 (2002), where the property attached by an IRS lien was owned by the debtor and his wife as tenants by the entirety.  As stated before and not contradicted by Ms. Mann, the disability insurance benefits are not jointly

3

owned but are in Dr. Mann's name only. Even if the Court were to somehow consider the property jointly owned, Ms. Mann cannot make the requisite showing that Dr. Mann did not possess the entire amount. Under Arkansas law, there is a presumption that the debtor holds the entire bank account, and if the debtor does not show by preponderance of evidence that he does not possess the whole joint account, the judgment creditor is entitled to all the money. *Maloy v. Stuttgart Memorial Hospital*, 316 Ark. 447 (1994). As argued previously, Dr. Mann is receiving benefits because of his disability from an insurance policy in his name only. Ms. Mann can show no ownership interest in the disability benefits. Since the property is owned in Dr. Mann's name only, there are no spouse's ownership issues before the Court.

### III. THE COURT SHOULD ORDER MONEY TO BE PAID TOWARDS RESTITUTION PURSUANT TO 18 U.S.C. § 3664(n)

Ms. Mann does not address the United States' argument that the Court should order the payment of the back and future disability benefit payments to the United States District Clerk's Office to be applied to her husband's restitution debt pursuant to 18 U.S.C. § 3664(n). Clearly, the back disability benefits in the amount of $413,259.67 and future monthly payments are substantial resources that the defendant shall be required to pay to the Clerk's Office to be applied to his restitution debt. Furthermore, as shown by the cases cited by the United States, Courts have issued orders under the All Writs Acts to have payments be made towards restitution pursuant to § 3664(n). *United States v. Greco*, 2013 WL 101931 (N.D. Ohio 2013); *United States v. Cunningham*, 866 F. Supp. 2d 1050 (S.D. Iowa 2012).

## IV. THE COURT HAS AUTHORITY TO ISSUE ORDER UNDER ALL WRITS ACT

Contrary to what Ms. Mann argues, the Court does have authority under the all writs act to issue Order to effectuate its restitution order.  The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.  The All Writs Act allows federal courts to issue such Orders "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."  *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (U.S. N.Y. 1977).  The Federal Debt Collection Procedure Act (FDCPA) expressly recognizes that a court may use its inherent power to enforce a judgment in favor of the United States.  28 U.S.C. § 3003(c)(7).  In *United States v. Yielding*, 657 F.3d, 722, 727 (8th Cir. 2011), the Court stated:  "We agree that a sentencing court has jurisdiction to enforce its restitution order and may use the All Writs Act, when necessary and appropriate, to prevent the restitution debtor from frustrating collection of the restitution debt."

Courts have utilized the All Writs Act to restrain defendants from disposing of assets.  *Id.; United States v. Simmons*, 2008 WL 336824 (E.D. Wis. 2008); *United States v. Abdelhadi*, 327 F. Supp. 2d 587 (E.D. VA 2004); *United States v. Numisgroup Intern. Corp.*, 169 F. Supp. 2d 133 (E.D. NY 2001).   In addition, as shown by cases cited by the United States, Courts have used the All Writs Act to order a defendant to pay money or

assets toward his restitution debt. *See United States v. Greco*, 2013 WL 101931 (N.D. Ohio 2013); *United States v. Cunningham*, 866 F. Supp. 2d 1050 (S.D. Iowa 2012).

## IV. THE GOVERNMENT IS NOT ESTOPPED FROM SEEKING 100% OF THE DISABILITY INSURANCE PAYMENTS

In her Reply, Ms. Mann suggests that the United States is somehow estopped from seeking 100% of the disability benefits because it has accepted 50% of the proceeds from the sale of other property. Ms. Mann's theory is incorrect. After Dr. Mann was sentenced, the United States assisted his attorneys in the efforts to get his disability benefit payments reinstated, so he could pay towards his restitution debt. During this time, the United States was never informed that Ms. Mann would claim 50% of those payments. Ms. Mann previously filed a Motion seeking permission from the Court to sell certain personal property, including vehicles. Some of the vehicles were held in both of their names, some in Ms. Mann's name only, and some were in Dr. Mann's name only. To resolve this Motion, the United States stated that it would not object to the sales if 50% of the proceeds were applied to Dr. Mann's restitution debt. The United States' position on Ms. Mann's Motion was based on facts and circumstance surrounding the specific items listed. The United States' response on Ms. Mann's previous Motion clearly does not mean that the government has agreed to only ask for 50% of all property or waive any argument that it is entitled to 100% of other property. The United States has never asserted that it would agree to take 50% of all the property to any of the Manns' attorneys or the Court.

**WHEREFORE**, for the reasons stated above and in its Motion for Turnover Order, the United States respectfully requests the Court issue an Order directing Dr. Mann to turn over or pay his back disability payments in the amount of $413,259.67 to the United States District Clerk's Office to be applied towards his restitution debt. The United States also requests that the Court issue an Order for the New York Life Insurance to pay the amount of Dr. Mann's future disability payments to the United States District Clerk Office.

Respectfully submitted,

CHRISTOPHER R. THYER
U.S. ATTORNEY

By:   */s/ Stacey E. McCord*
Assistant U.S. Attorney
AR Bar Number 87114
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2630
Stacey.McCord@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2013, I electronically filed the foregoing with the Clerk of the Court, which shall send notification of such filing to the following,

Jeff Rosenzweig
jrosenzweig@att.net

and all counsel of record in this case.

*/s/ Stacey E. McCord*
Assistant U.S. Attorney