**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

v.                     **CASE NO. 4:09CR00099 BSM**

**RANDEEP MANN and
SANGEETA MANN**                                               **DEFENDANTS**

**ORDER**

The government moves [Doc. No. 353] for an order requiring Dr. Randeep Mann to turn over past and future disability insurance benefits to pay his restitution debt. Defendant Sangeeta Mann, as Dr. Mann's wife of over twenty years, has an undivided interest in half of these benefits. Therefore, for the reasons detailed below, the government's motion is granted in part, and Dr. Mann is ordered to turn over his one-half share, or 50%, of past and future disability benefits to the clerk's office to be applied to his restitution debt.

Upon entry of the judgment ordering Dr. Mann to pay restitution, the government obtained a lien on all of Dr. Mann's "property and rights to property." 18 U.S.C. § 3613(c). But this lien only attached to 50% of marital property held by Dr. Mann and Sangeeta Mann as tenants by the entirety. *United States v. Craft*, 533 U.S. 274 (2002); *United States v. Tolbert*, 2007 WL 2710432 at *4-5 (W.D. Ark. 2007). In Arkansas, there is "a presumption that all property acquired during a marriage is marital property." *Caroll v. Caroll*, 384 S.W.3d 50, 53-54 (Ark. App. 2011). "The burden is on the party who asserts an interest in property to establish that it is in fact separate property not subject to division." *Aldridge v. Aldridge*, 773 S.W.2d 103, 104 (Ark. App. 1989). Sangeeta Mann has been married to Dr.

Mann for over twenty years. The government has not suggested that the disability policy at issue was executed prior to their marriage, and it is clear that Dr. Mann did not make a claim under the policy before their marriage. Accordingly, the government has failed to rebut the presumption that the policy proceeds are marital property held by the Manns as tenants by the entirety. *See Frigon v. Frigon*, 201 S.W.3d 436 (Ark. App. 2005) (finding that husband's income protection policy was marital property).

Because the insurance proceeds are held by the Manns as tenants by the entirety, the government's restitution lien only covers Dr. Mann's one-half interest. *Tolbert*, 2007 WL 2710432 at *4-5. The government's motion is therefore granted in part, and Dr. Mann is ordered to turn over half of his past and future disability benefits to the clerk's office to be applied to his restitution debt.

IT IS SO ORDERED this 8th day of May 2013.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE