IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.                                    No. 4:09CR00099 BSM

RANDEEP MANN; and
SANGEETA MANN

## MOTION TO AUTHORIZE DESTRUCTION OF
## CONTRABAND AND OTHER EVIDENCE

The United States, by Christopher R. Thyer, United States Attorney, and Assistant U.S. Attorney Cameron C. McCree, for its motion to authorize the destruction of contraband and other evidence, states:

1.      On August 9, 2010, Dr. Randeep Mann ("Defendant") was convicted of nine felony counts involving firearms and destructive devices.

2.      During the course of the criminal investigation of Defendant's crimes, the Bureau of Alcohol Tobacco Firearms and Explosives ("ATF") seized a number of firearms and ammunition from Defendant's residence as evidence of Defendant's crimes.

3.      The weapons seized by ATF include 15 weapons that are regulated by the National Firearms Act ("NFA").[1]  This motion also concerns approximately two non-NFA regulated firearms, various firearm parts, and assorted ammunition.[2]  These weapons, which will be referred to in this motion as the "seized firearms and ammunition," are more fully described

---

[1] The NFA is codified at 26 U.S.C. §§ 5801 to 5872.

[2] In addition to these firearms, parts, and ammunition, which were seized in March 2009, the ATF seized 94 other weapons from the Mann residence.  The first weapon, which was also seized in March 2009, is subject to a forfeiture action in *United States v. One Interord Corporation, Model USAS-12, 12-Gauge Shotgun, Serial Number A0002089SA*, Case No. 4:14CV00134 BSM.  The other 93 weapons are the subject of a forfeiture action in *United States v. One Assortment of 93 NFA-Regulated Weapons*, Case No. 4:14CV00423 BSM.

in Exhibit 1.

4. As a convicted felon, Defendant cannot lawfully possess, actually or constructively, firearms or ammunition, 18 U.S.C. § 922(g); accordingly, the United States requests to destroy the seized firearms and ammunition under the authority of the All Writs Act, 28 U.S.C. § 1651. *See United States v. Felici*, 208 F.3d 667, 671 (8th Cir. 2000) (forfeiture is not necessary to prevent the return of seized firearms and drug paraphernalia to convicted drug dealer); *see also United States v. Roberts*, 322 Fed. Appx. 175, 176-77 (3d Cir. 2009) (affirming an order allowing the United States to destroy firearms seized from the defendant at the time of his arrest because the defendant is now a felon); *United States v. Howell*, 425 F.3d 971, 976-77 (11th Cir. 2005) ("The fact that the defendant was in lawful possession and was not a convicted felon when he acquired the three firearms is irrelevant. 18 U.S.C. § 922(g) was specifically designed to serve public policy and prevent convicted felons from having either constructive or actual possession of firearms."); *United States v. Smith*, 142 Fed. Appx. 102 (3d Cir. 2005) (affirming order granting Government's motion to destroy firearms that could not lawfully be returned to a convicted felon); *United States v. Miscellaneous Firearms, Silencers and Ammunition*, No. 03CV1920, 2012 WL 3877797, *3 (N.D. Cal. Sept. 6, 2012) ("Courts have resoundingly rejected the argument that if firearms cannot be returned, they must be sold for the owner's benefit."); *but see United States v. Posey*, 217 F.3d 282, 283-84 (5th Cir. 2000) (concluding that there was no basis to grant the government's post-conviction motion for destruction of the defendant's firearms because the government did not forfeit the weapons).

5. The NFA-regulated firearms should also be destroyed because they cannot be lawfully possessed by anyone. *See* 18 U.S.C. § 922(g) (prohibiting felons from possessing

firearms); 26 U.S.C. § 5861(d) (prohibiting anyone but the registered owner from possessing a weapon governed by the NFA); *Felici*, 208 F.3d at 667 (recognizing that if a third party holds firearms in trust for a felon, the felon is in constructive possession of the weapons); *Smith*, 142 Fed. Appx. at 102 (affirming district court's denial of felon's request to transfer his firearms to his wife); *but see United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 n. 13 (10th Cir. 2001) ("[W]hile a criminal defendant has no expectation that contraband *per se* will ever be returned, a criminal defendant does have a legitimate expectation that other property . . . will be returned to him once the criminal proceedings against him conclude, unless and until the government successfully forfeits that property."). Allowing Defendant to sell weapons that he and others cannot lawfully possess should not be allowed here. *See United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990) ("[T]o allow the defendant to reap the economic benefit from ownership of weapons [that are] illegal for him to possess would make a mockery of the law.").

6.    For all of these reasons, the United States requests authority to destroy the seized firearms and ammunition.

WHEREFORE, the United States requests that the Court issue an order for the destruction of the above-referenced contraband and other evidence and for all other proper relief.

          Respectfully submitted,

          CHRISTOPHER R. THYER
          UNITED STATES ATTORNEY

          By: */s/ Cameron C. McCree*
             MICHAEL GORDON (00795383)
             CAMERON C. McCREE (2007148)
             Assistant U. S. Attorneys
             P. O. Box 1229
             Little Rock, Arkansas 72203
             (501)340-2600
             Cameron.McCree@usdoj.gov
             Michael.Gordon@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 11, 2014, I electronically filed the foregoing with the Clerk of the Court, which shall send notification of such filing to defense counsel. Additionally, on the same day, the United States provided notice of this motion by electronic mail to the following attorney for Dr. Trent Pierce, the victim in this matter:

Bob Cearley
212 Center Street, Second Floor
Centre Place
Little Rock, Arkansas 72201
Bob@cearleylawfirm.com

                                                */s/ Cameron C. McCree*
                                                CAMERON C. McCREE