**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**CASE NO. 4:09CR00099 BSM**

**RANDEEP MANN and**
**SANGEETA MANN**                                                                    **DEFENDANTS**

**TRENT P. PIERCE**                                                                      **RESPONDENT**

**MOTION FOR ORDER APPOINTING SPECIAL MASTER AND AUTHORIZING**
**SALE OF SEIZED FIREARMS AND AMMUNITION**

Comes Respondent Trent P. Pierce ("Pierce"), by his attorney, Robert M. Cearley, Jr., and

states:

1.      On August 11, 2014, the United States filed a Motion to Authorize Destruction of

Contraband and Other Evidence [Doc. 378], including 15 National Firearms Act regulated machine

guns and one "destructive device," two pistols labeled as "Non-NFA Weapons," and various parts

and ammunition, which it collectively referred to as the "seized firearms and ammunition." [Doc.

378] The principal authority relied upon by the government was *United States v. Felici*, 208 F.3d

667 (8th Cir. 2000) which holds generally that a convicted felon cannot lawfully possess, actually or

constructively, firearms or ammunition.

2.       Claimant/Respondent Pierce opposed forfeiture and destruction claiming ownership

or entitlement to the "seized firearms and ammunition" or the proceeds of their sale. [Doc. 380] In

support of his opposition, on April 30, 2015, Pierce moved for an order allowing the inspection and

sale of the "seized firearms and ammunition." [Doc. 451] Randeep Mann filed a *pro se* motion and

amended motion for return of the weapons [Doc. Nos. 383 & 384]. Sangeeta Mann opposed the motion and claimed a marital property interest in the seized items and/or the proceeds from their sale. [Doc. 379]

3.     On June 5, 2015, the United States withdrew its motion upon consideration of the United States Supreme Court's decision in *Henderson v. United States*, 575 U.S. 622 (2015), which overruled *Felici* holding that a court ordered transfer of a felon's lawfully owned firearms from government custody to a third party is not barred if the court is satisfied that the recipient will not give the felon control over the firearms so that he could either use them or direct their use.  This court then denied the government's motion for destruction as moot. [Doc. 476, filed July 23, 2015]

4.     Yet the United States argued the weapons should not be sold because "they remain evidence against Randeep Mann" that would be needed for retrial should Mann succeed on his pending Section 2255 motion to set aside his conviction. [Doc. 467] On this basis, the court "administratively terminated" Randeep Mann's and Trent Pierce's pending competing motions "until [Randeep Mann's] § 2255 case is resolved" [Doc. 477 Filed 7/24/2015] and directed them to re-file their motions at the conclusion of the habeas action. [Doc.477, filed July 24, 2015.]

5.     Mann's habeas action has now been resolved. On March 4, 2024, this court entered its Order denying Mann's Section 2255 motion to vacate [Doc. 528] and denying as moot Mann's motion to correct the record [Doc. 530].

6.     Pierce now moves for an order appointing a Special Master to sell the "seized firearms and ammunition." Upon information and belief, the government no longer claims any need to retain possession of the "firearms and ammunition" and will not oppose this motion.

7.      The "seized firearms and ammunition" at issue here were formerly part of a larger firearms collection which was the subject of a separate civil forfeiture action in this court styled *United States v. An Assortment Of 93 NFA-Regulated Weapons*, Eastern District of Arkansas, No. 4:14CV0423-BSM. (Affirmed, 897 F.3d 96) [Doc.137] In that action the government sought forfeiture and destruction of firearms which were in all material ways identical to those at issue here. Pierce and the defendants there each opposed forfeiture and destruction and asserted claims to the weapons and/or the proceeds of their sale just as they do here. Mann claimed ownership or entitlement to the proceeds of sale because he or his solely owned business was the registered owner of the weapons and other items. Sangeeta Mann claimed one-half interest in the weapons and/or sale proceeds as marital property under Arkansas law.

8.      Pierce's claim there, as here, was based upon a $122,500,000 tort judgment he obtained against Randeep Mann. *Trent P. Pierce and Melissa Pierce v. Randeep Mann,* Circuit Court of Crittenden County, Arkansas, No. CV-2010-61. (Affirmed, 2016 Ark. 418) The judgment was filed of record in the Arkansas counties of Crittenden, Pulaski, and Pope, and constitutes a lien against Randeep Mann's property in each of those counties. Pierce asserted the lien of this judgment against all property of Randeep Mann which has been seized by the United States, including the NFA Weapons and Non-NFA Weapons listed in Exhibit A to the Government's motion herein. All the seized items remain in the custody and possession of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives.

9.      The parties and issues in *United States v. An Assortment Of 93 NFA-Regulated Weapons* (*supra*.) were precisely the same as here and, in a bench trial based upon stipulated facts, this court denied forfeiture, dismissed the government's complaint, denied the claims of Randeep

Mann and Sangeeta Mann, ordered the NFA Regulated Weapons transferred to a Special Master to be sold at auction, and awarded 100% of the net proceeds to Claimant Pierce. [Doc. 103, Order and Doc. 104, Judgment]

10.     Under the doctrine of collateral estoppel, the claims of Randeep Mann and Sangeeta Mann are precluded and cannot be relitigated here and the "seized firearms and ammunition" must be sold and the proceeds awarded to Pierce. (See, *Parkland Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979))

11.     Based upon the foregoing Pierce moves for an order appointing John Norrell, as Special Master, to market and sell the "the firearms and ammunition" described in Exhibit A hereto in consideration of payment of expenses of sale and a market-based fee with net proceeds paid over to Pierce.

WHEREFORE, Respondent prays that he be granted the relief requested herein and all other just, proper, legal, and equitable relief to which he may be entitled.

Respectfully submitted,

Trent P. Pierce

By:   */s/ Robert M. Cearley, Jr.*
      Robert M. Cearley, Jr.
      CEARLEY LAW FIRM, P.A.
      610 South Rock Street
      Little Rock, AR 72202
      501.372.5600 (p)
      501.374.3463 (f)
      bob@cearleylawfirm.com

      Attorney for Trent Pierce

4

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Cearley, Jr., hereby certify that on May 27, 2024, I electronically filed the foregoing with the office of the Clerk of the Court which shall send notification of such filing to all attorneys of record.  On the same day, I provided notice of this motion by electronic mail to the following:

United States Attorney's Office
Attn: AUSA Cameron C. McCree
and AUSA Michael S. Gordon
425 W. Capitol Avenue, Suite 500
P.O. Box 1229
Little Rock, Arkansas 72201-1229
Cameron.McCree@usdoj.gov
Michael.Gordon@usdoj.gov

John Norrell
John Norrell, Inc.
13520 Saddle Hill Drive
Little Rock, AR 72221
Smg1022@sbcglobal.net

                                      */s/ Robert M. Cearley, Jr.*
                                    Robert M. Cearley, Jr.

**EXHIBIT 1**

| NUMBER | DESCRIPTION OF CONTRABAND NFA WEAPONS |
|---|---|
| 1 | One Black, Heckler And Koch, 9mm, Machine Gun, Model MP5K, Bearing Serial Number: 21-23285; S&H Arms auto sear serial # 1936 |
| 2 | One Black, Heckler And Koch, 9mm, Machine Gun, Model MP5SD, Bearing Serial Number: 43-12981; Fleming Firearms auto sear # H-1833 |
| 3 | One Black, Heckler And Koch, 9mm, Machine Gun, Model MP5, Bearing Serial Number: 12204; Fleming Firearms auto sear H-1112 |
| 4 | One Black Valmet, .556 Caliber, Machine Gun, Model Unknown, Bearing Serial Number: 162106; Wilson Arms auto sear P-8716 |
| 5 | One Black, Colt, .40 Caliber, Destructive Device, Model M203, Bearing Serial Number: 104164 |
| 6 | One Two Tone, Feg, .762 Caliber, Machine Gun, Model SA 85M, Bearing Serial Number: SM00164; Wilson Arms auto sear P-8710 |
| 7 | One Black, Polytechnologies, .762 Caliber, Machine Gun, Model AKS-223, Bearing Serial Number: Pw85-000629 |
| 8 | One Black Heckler And Koch, .308 Caliber, Machine Gun, Model G3, Bearing Serial Number: A016116; Fleming Arms auto sear H-2088 |
| 9 | One Black, FNH USA, LLC, 9mm, Machine Gun, Model FNC, Bearing Serial Number: FN037768; S&H Arms auto sear 2545 |
| 10 | One Black, FNH USA, LLC, .556 Caliber, Machine Gun, Model FNC, Bearing Serial Number: So12524; S&H Arms auto sear 2424 |
| 11 | One Black Colt, .556 Caliber, Machine Gun, Model: AR-15, Bearing Serial Number: 209252 |
| 12 | One Black, Colt, .40 Caliber, Destructive Device, Model M203, Bearing Serial Number: 0175521 |
| 13 | One Black, Steyr, .556 Caliber, Machine Gun, Model AUG/SA, Bearing Serial Number: 903SA829; Fleming Firearms auto sear G-144 |
| 14 | One Black, Steyr, .556 Caliber, Machine Gun, Model AUG/SA, Bearing Serial Number: 903SA027; Fleming auto sear G-113 |

| NUMBER | DESCRIPTION OF NON-NFA WEAPONS |
|---|---|
| 1 | One D.C. Industries, .762 caliber pistol, serial number 3004688 |
| 2 | One Australian Automatic Arms, unknown caliber pistol, serial number SAP100802 |
| 3 | One Briefcase Made to Contain a Sub-Machine Gun |
| 4 | One Plastic Bag Containing a Trigger Group, Unknown Manufacturer |
| 5 | One Plastic Bag Containing Two Trigger Groups, Unknown Manufacturer |
| 6 | One Plastic Bag Containing a Trigger Group, Unknown Manufacturer |
| 7 | Assorted Ammunition |
| 8 | One Black, Heckler And Koch, 9mm, semi-auto pistol, Model SP89, Bearing Serial Number: 21-18720 |