IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

v.                              **CASE NO. 4:09-CR-00099-BSM**

**RANDEEP MANN and**
**SANGEETA MANN**                                                                             **DEFENDANTS**

**TRENT P. PIERCE**                                                                            **RESPONDENT**

## ORDER

Dr. Trent P. Pierce's motion for appointment of special master and authorizing the sale of seized firearms and ammunition [Doc. No. 535] is granted, and John Norrell is appointed special master to sell the firearms and ammunition. Pierce's motion to dismiss Sandip Singh Mann's claim [Doc. No. 538] is also granted. Sandip Mann's motion for order appointing special master and authorizing the sale of seized firearms and ammunition [Doc. No. 536], motion to intervene [Doc. No. 537], motions to dismiss [Doc. Nos. 539 & 543], motion for leave to take judicial notice [Doc. No. 540], and motion for consolidated pleading [Doc. No. 544] are denied.

At issue are several firearms, accessories, and ammunition owned by Dr. Randeep Mann, who is serving a life sentence for a grenade explosion that severely injured Pierce. *See* Doc. No. 222. After Mann's conviction, the government moved for authorization to destroy firearms and ammunition seized from Mann's home, including fifteen National Firearms Act ("NFA") regulated firearms, two non-NFA firearms, and other firearm ammunition and accessories. Doc. No. 378. Pierce opposed the destruction of the firearms

[Doc. No. 380] and moved for an inspection, appraisal, and sale of the firearms. Doc. No. 451. Mann's wife, Sangeeta Mann, also opposed their destruction, claiming a marital interest in the property. Doc. No. 379. Mann moved for the return of the firearms. Doc Nos. 383 & 384. The government's motion for destruction was denied as moot after it was withdrawn [Doc. No. 476], but the government argued that the firearms should not be sold because Mann's Section 2255 motion was pending, and the firearms might be needed as evidence in case of retrial. The motions of Mann and Pierce were administratively terminated, and the parties were directed to refile them after the 2255 motion was resolved. Doc. No. 477.

Meanwhile, the government pursued civil forfeiture of other firearms owned by Mann. Those firearms were ordered sold, and Pierce was awarded one hundred percent of the proceeds from the sale based on a March 23, 2015, judgment he obtained against Mann in the amount of $122,500,000. *Trent P. Pierce and Melissa Pierce v. Randeep Mann*, No. CV-2010-61 (Crittenden County Circuit Court); *United States v. One Assortment of 93 NFA-Regulated Weapons*, No. 4:14-cv-423 BSM, 2017 WL 4570802 (E.D. Ark. Mar. 14, 2017), *aff'd*, 897 F.3d 961 (8th Cir. 2018). John Norrell was appointed special master to sell those firearms.

Mann's 2255 motion was denied in March 2024. Doc. No. 532. Pierce refiled his motion for sale of the firearms. Mann did not refile his motion for their return and Sangeeta Mann did not renew her claim of a marital interest in the property. Sandip Mann claims an interest in the proceeds of the sale of the firearms and has therefore moved for an order authorizing their sale. Sandip Mann bases his claim on a May 14, 2014, judgment he

obtained against Dr. Mann in the amount of $6,929,269.11. *Sandip Mann v. Randeep Mann*, No. CV-2014-56 (Pope County Circuit Court). The government has not responded.

Pierce's motion to dismiss Sandip Mann's claim is granted because the claim is barred by the statute of limitations. Actions on judgments must be commenced within ten years after a cause of action accrues. Ark. Code Ann. § 16-56-114. Sandip Mann's claim is untimely because he obtained the judgment against Mann on May 14, 2014, but did not file his action on the judgment until June 6, 2024—more than ten years later.

Pierce's motion to appoint a special master and for sale of seized firearms and ammunition is granted. Mann and Sangeeta Mann have not renewed their claims on the property. And even if they had, collateral estoppel would preclude their claims because of the ruling in *One Assortment of 93 NFA-Regulated Weapons,* 2017 WL 4570802, that Pierce's Crittenden County judgment entitled him to the proceeds of the sale of the firearms. The issue of entitlement to the proceeds of the sale of Mann's firearms was adjudicated on the merits, Mann and Sangeeta Mann were parties to that case, and they had a full and fair opportunity to be heard. *See Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009). The Crittenden County judgment therefore entitles Pierce to the proceeds of the sale of the firearms.

John Norrell is appointed special master to sell the firearms and ammunition. The parties are directed to submit a proposed order describing the firearms and any other outstanding matters when they are ready to proceed with the sale.

IT IS SO ORDERED this 2nd day of August, 2024.

                                                                                     _____
                                                                                     UNITED STATES DISTRICT JUDGE